UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT POWELL : | |
| : | |
| VS. : | CIVIL ACTION NO. |
| : | |
| ANDREA ALEXANDER, : | |
| WILLIAM FERRI, MARC DeFELICE, : | |
| RICKY DIEHL and CYNTHIA DIEHL : | OCTOBER 3, 2016 |

## **C O M P L A I N T**

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. The plaintiff is an adult citizen of the United States who resides in New Canaan, Connecticut.

4. The defendants Andrea Alexander, William Ferri and Marc DeFelice are officers in the New Canaan Police Department who at all times herein mentioned were acting in their capacities as such. They are sued only in their

individual capacities.

5. During all times mentioned in this Complaint, the defendants Alexander, Ferri and DeFelice were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6. The defendants Ricky Diehl and Cynthia Diehl are adult citizens of the United States who reside at 356 Newtown Turnpike in Wilton, Connecticut.

7. Although the defendants Ricky Diehl and Cynthia Diehl are private citizens, during the course of the events hereinafter described they acted jointly, in concert, and in conspiracy with the defendants Alexander and Ferri to accomplish the unlawful objectives hereinafter described. During the course of said actions, defendants Diehl and Diehl exercised such extreme influence over the defendants Alexander and Ferri that the actions of defendants Diehl and Diehl also were taken under color and pretense of law and constituted state action.

8. At all times mentioned in this Complaint, the defendants acted jointly and in concert and in conspiracy with each other.

9. At all times herein mentioned, the defendants Alexander, Ferri and DeFelice had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendants, and the defendant DeFelice had the

duty and the opportunity to protect the plaintiff from the unlawful actions of the defendants Alexander and Ferri, but they failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

10. The plaintiff is the father of two minor daughters. He is divorced from their mother.

11. The defendants Diehl and Diehl are the parents of the plaintiff's former wife and the maternal grandparents of the plaintiff's daughters.

12. In 2011, the defendants Diehl and Diehl and their daughter, the plaintiff's former wife, conspired and colluded together to cause the plaintiff's daughters to make false accusations of child abuse against the plaintiff.

13. In 2011, in Docket Number CP-11-002386-A and Docket Number CP-11-002387-A, the Connecticut Superior Court after an extensive evidentiary hearing and evaluations and reports by expert witnesses, awarded full custody of the minor children to the plaintiff and further ordered that the defendants Diehl and Diehl were not to have any contact with the said minor children. The said orders were based, among other things, on expert evidence that the defendants Diehl and Diehl and their daughter were inflicting upon the said minor children severe neglect including factitious disorder not otherwise specified (Muchausen by Proxy), parental enmeshment, educational and emotional neglect, and parental alienation. The expert witness whose testimony was relied upon by the

court, Eric Frazer, Psy.D., had further recommended that the children have no communication with or access to the defendants Diehl and Diehl under any circumstances.

      14. In 2011, Sergeant Carol Ogrinc and other officers of the New Canaan Police Department had participated with the Connecticut Department of Children and Families in an extensive investigation of the false accusations described in Paragraph 12 and concluded that the allegations were fabricated and unfounded. All of this was reduced to writing and was maintained in the files of the New Canaan Police Department which files were available to the defendants Alexander, Ferri and DeFelice at the time of the events hereinafter described.

      15. On the evening of March 19-20, 2016, the plaintiff's daughters attended a sleepover at the home of a friend. At some time that evening, the defendants Diehl and Diehl took the two children into their custody and control in direct and knowing violation of the aforesaid court orders.

      16. At approximately 12:43 p.m. on March 20, 2016, the defendants Diehl and Diehl took the children to the headquarters of the New Canaan Police Department and there met with the defendants Alexander and Ferri.

      17. After meeting with the defendants Diehl and Diehl and the two children, the defendants Alexander and Ferri, with the knowledge and approval of the defendant DeFelice, knowingly, maliciously and in conscious disregard of

the law and even of the policies of their own department, and at the specific request of the defendants Diehl and Diehl, turned custody of the children over to the defendants Diehl and Diehl.

18. Throughout the remainder of the day and evening of March 20, 2016, the plaintiff, having discovered that his daughters had been kidnaped, repeatedly telephoned the New Canaan Police Department to report their disappearance and seek assistance.  On every such occasion, pursuant to instructions issued by the defendants Alexander and Ferri, the true whereabouts of the children was concealed from the plaintiff by the officers of the New Canaan Police Department all of whom stated to the plaintiff only that his children were "in a safe place" without disclosing the reality that they had been given to the very people whom the court had ordered not to have custody of them.

19. The plaintiff contemporaneously contacted the Connecticut Department of Children and Families to report that his children were missing and that New Canaan police officers appeared to have some knowledge of their whereabouts which they were concealing from him.  In response, Timothy Welsh, a knowledgeable investigator from the Department of Children and Families contacted defendant DeFelice at the New Canaan Police Department. Defendant DeFelice asked the DCF "to stall in getting back to [the plaintiff] so [defendants Diehl and Diehl] can file an ex parte motion in court."  Mr. Welsh not

only refused to participate in the conspiracy and informed the police that their actions were unethical, improper, and possibly criminal.

20. Having been given the children by defendants Alexander and Ferri, the defendants Diehl and Diehl took the children with them and went into hiding, thus preventing the plaintiff and the officials of the Department of Children and Families from finding the children.

21. On March 21, 2016, while continuing to illegally hold and conceal the children, defendants Diehl and Diehl prepared, signed and swore to affidavits in which they knowingly, maliciously, and falsely swore that the children had told New Canaan police officers in their presence that the plaintiff was subjecting them to physical, emotional and sexual abuse and further falsely and maliciously stating that the plaintiff was a danger to their lives. The affidavits further concealed from the court the fact that in 2011 the court not only had awarded sole custody of the children to the plaintiff but had ordered that the children not have contact with defendants Diehl and Diehl and that, indeed, the court had determined that the defendants Diehl and Diehl were themselves an immediate danger to the mental, emotional and physical health and wellbeing of the children.

22. On the basis of the said false affidavits, the Connecticut Superior Court issued an ex parte order placing the children in the custody of the

defendants Diehl and Diehl and restraining the plaintiff from having contact with them.

23. The actions of the defendants Alexander, Ferri and DeFelice described above, including the instructions they gave to other officers of the New Canaan Police Department to conceal the childrens' whereabouts from the plaintiff, were taken for the specific purpose of assisting the defendants Diehl and Diehl to obtain fraudulently the ex parte court order described in Paragraph 22.

24. Thereafter, at great expense, the plaintiff retained counsel who conducted evidentiary hearings in March and April 2016 at the conclusion of which the court, in Docket Number FST-FA-16-4029704-S, restored full custody of the children to the plaintiff and revoked all of the ex parte orders fraudulently obtained by the defendants.

25. As a result of the foregoing wrongful actions of the defendants, the plaintiff was deprived of his children for a period of many weeks, was caused to suffer severe emotional distress and anguish, and was caused to incur substantial legal expenses.

26. In the manner described above, the defendants intentionally and maliciously interfered with and deprived the plaintiff of his right to family association with his children, a right secured to the plaintiff by the First, Fourth,

Ninth and Fourteenth Amendments to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

27.  In the manner described above, the defendants Diehl and Diehl maliciously and without probable cause instituted against the plaintiff the above-described civil action bearing Docket Number FST-FA-16-4029704-S, which litigation was terminated in the plaintiff's favor, and thereby committed the tort of vexatious litigation in violation of the common law of the State of Connecticut.

28.  The conduct of all the defendants described above was extreme and outrageous and was carried out with full knowledge that it would cause the plaintiff to suffer emotional distress.  It therefore constituted the tort of intentional infliction of emotional distress in violation of the common law of the State of Connecticut.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs.

**_The plaintiff claims trial by jury._**

THE PLAINTIFF

BY: _____/s/_____John R. Williams\_\_\_\_\_
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
His Attorney

9