## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SCOTT POWELL,
    Plaintiff,

    v.

ANDREA ALEXANDER, et al.,
    Defendants.

No. 3:16-cv-1654 (SRU)

## RULING AND ORDER

Scott Powell originally filed this action in 2016, bringing section 1983 claims against three members of the New Canaan police department as well as two private citizens. He additionally raised common law claims of intentional infliction of emotional distress and vexatious litigation. The case was originally assigned to my docket but was transferred to District Judge Dominic Squatrito in 2018. Judge Squatrito ultimately dismissed the federal claims with respect to all defendants, but chose to exercise supplemental jurisdiction over remaining state-law claims. Before the parties could proceed to trial on those claims before Judge Squatrito, the case was transferred to me.

For the following reasons, the claims against the remaining defendants are **dismissed** without prejudice to refiling in state court.

### I.    Background

Powell brought claims against three New Canaan police department officers in their individual capacities as well as two private citizens (Ricky and Cynthia Diehl). Powell generally alleged that the defendants acted in concert to give custody of his minor children to the Diehls in violation of a court order granting him full custody. *See* Compl. Doc. No. 1. In February 2019, Judge Squatrito granted the police officer defendants' motion for summary judgment on all

claims. *See* Doc. No. 76. Relying on that order, the Diehls moved for summary judgment with respect to the section 1983 claim pending against them. *See* Mot. Doc. No. 79. Judge Squatrito granted the motion for summary judgment with respect to the section 1983 claims, but did not dismiss the case; instead, he chose to exercise supplemental jurisdiction over the remaining state-law claims of vexatious litigation and intentional infliction of emotional distress. *See* Doc. No. 86. Before the parties could proceed to trial before Judge Squatrito, the case was transferred to me.

## II.      Standard of Review

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Although a district court may exercise supplemental jurisdiction over state-law claims even after all federal claims in an action are dismissed, "[supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In determining whether the exercise of supplemental jurisdiction is appropriate in a particular case, "a federal court should consider and weigh…the values of judicial economy, convenience, fairness, and comity." *Id.* Ordinarily, when "all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7.

A court does not abuse its discretion, however, by exercising supplemental jurisdiction where the federal claims are dismissed late in the action and no novel or complex issue of state law is implicated. *See Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 306 (2d Cir. 2003). That is especially true where a court has extensive familiarity with the issues in a case, or where one or

more parties to an action may suffer hardship by being forced to re-file in state court. *Kroshnyi v. U.S. Pack Courier Servs.*, 771 F.3d 93, 102 (2d Cir. 2014). Accordingly, factors relevant to the consideration of whether the exercise of supplemental jurisdiction would be proper include the history of litigation before a court as well as possible prejudice to the parties resulting from dismissal.

### III.    Discussion

Here, it is clear that Judge Squatrito carefully considered the *Cohill* factors, as well as the history of litigation between the parties, before deciding to exercise supplemental jurisdiction over the remaining state law claims. *See* Doc. No. 86. In the order granting the Diehl's motion for summary judgment with respect to the section 1983 claims, Judge Squatrito considered the procedural history of the case, the lack of novel state-law claims raised and the fact that the case was ready for trial at the time the federal claims were dismissed. He focused additionally on his own familiarity with the case, noting that two dispositive motions had been decided and discovery had been completed. Accordingly, Judge Squatrito concluded that the balance of factors weighed in favor of exercising supplemental jurisdiction over the remaining state-law claims. Now that the case has been transferred to my docket, however, the balance of factors is somewhat different, because I do not share that same familiarity with the proceedings. Absent that familiarity, and after careful consideration of the *Cohill* factors, I decline to exercise supplemental jurisdiction.

First and most significantly, despite the fact that multiple dispositive motions have already been decided, I have not presided over those dispositive motions nor do I have familiarity with the recent factual background or procedural history of the case. Additionally, although the case is ready for trial, we are by no means on the eve of trial; a date has not been

set, and in light of the current global pandemic, there is no indication that the parties could proceed to trial anytime soon. *See, e.g., Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1192 (2d Cir. 1996) (exercise of supplemental jurisdiction proper where federal claim dismissed just nine days before trial). Moreover, the remaining state-law claims do not involve issues of federal preemption nor do they overlap with federal law; they are instead common law tort claims. *Valencia*, 316 F.3d at 306 (considering whether remaining state-law claims implicated the doctrine of preemption as a factor to be weighed in determining whether exercise of supplemental jurisdiction was proper). Finally, court-appointed counsel for the Diehls has confirmed that representation on a pro bono basis would continue in state court were the action to be dismissed without prejudice. Accordingly, there is no indication that dismissal without prejudice to re-filing in state court would cause undue hardship to either party. Therefore, the principles of judicial economy, comity and fairness to the parties weigh against the exercise of supplemental jurisdiction.

## IV.    Conclusion

For the foregoing reasons, the action is **dismissed** without prejudice to re-filing in state court.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of March 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
